

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ABBAS FADAZ,

     Plaintiff,

     v.

SCOOP MANAGEMENT, INC; SCOOP MANAGEMENT,
LLC; AND UZI BEN-ABRAHAM,

     Defendants.

---

### PRELIIMINARY STATEMENT

Plaintiff Abbas Fadaz brings this civil action to recover, *inter alia*, overtime wages,

against defendants Scoop Management, Inc., Scoop Management, LLC and Uzi Ben-Abraham.

### JURISDICTION

1) The Court has subject matter jurisdiction over this action, pursuant 29 U.S.C. § 201 *et seq.*,

and pursuant to 28 U.S.C. §1331.

2) The Court has jurisdiction over plaintiff's pendent state and local law claims, pursuant to 28

U.S.C. §1367.

### VENUE

3) Venue is proper, pursuant to 28 U.S.C. §1391, because one or more of the events giving rise

to this lawsuit occurred within this jurisdiction (New York County), and because the

defendants maintain their principle place of business within this jurisdiction (New York

County).

## PARTIES

4) Plaintiff Abbas Fadaz resides in Bronx County, New York. At all times relevant to this civil action, he was an employee of the Defendants.

5) Defendant Scoop Management, Inc. is an incorporated entity.  It does business within New York City's garment industry.  It is the parent company of Scoop Management, LLC.

6) Defendant Scoop Management, LLC is a business that was incorporated in 2005. It operates retails clothing stores, is headquartered at 275 Seventh Avenue, 28th Floor, New York, NY 10001-0112, and employs more than one hundred individuals.

7) Defendant Uzi Ben-Abraham is an individual. Sine the 1990s, he has utilized the trademark SCOOP™, which was filed in 1993 and registered in 1996 as number 1964866.  He owns Defendant Scoop Management, Inc.  Based on information and belief, between January 2005 and March 2010, Mr. Ben-Abraham was the chief officer and principal of Defendant Scoop Management, LLC.

## FACTUAL ALLEGATIONS

8) Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1 to 7.

9) Scoop Management, Inc. and Scoop Management LLC are hereinafter, collectively identified as the "Defendants Scoop."

10) Defendants Scoop engage in commerce.  Defendants Scoop and Defendant Ben-Abraham jointly and severally operate, *inter alia*, retail clothing stores in New York City, including, but not limited to Manhattan.

11) From July 11, 2006 until mid-January 2009, Plaintiff worked as a security guard at one or more Scoop retail stores.

12) Based on information and belief, at all times, Defendant Ben-Abraham was Plaintiff's sole or common employer.

13) The effective date of Plaintiff's termination was on or about February 19, 2009.

**FIRST CAUSE OF ACTION:**
**FAIR LABOR STANDARDS ACT**
**Misclassification as An Exempt Status Employee**

14) Plaintiff herein reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 13.

15) Defendants Scoop operate under common control, pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §203.

16) Defendants Scoop are joint employers, pursuant to the FLSA, 29 U.S.C. §203.

17) Defendant Mr. Ben-Abraham is an employer, pursuant to the FLSA, 29 U.S.C. §203.

18) Defendants are subject to the requirement to remit overtime pay to non-exempt status employees, who perform work in excess of 40 hours in a workweek, §7(a)(1) of the FLSA, 29 U.S.C. §207.

19) Plaintiff's job duties as "security guard" involved none of the duties that meet FLSA "exempt" status requirements, 29 U.S.C. §213.

   a) Plaintiff did not perform executive duties.   He did not manage the enterprise or a department or functional unit of the business. He did not customarily or regularly supervise or otherwise direct the work of two or more employees. He did not have authority to hire or fire employees. He lacked authority to make recommendations regarding employee hiring, firing, promotion or other change of status decisions and to have such recommendations afforded "particular weight."

3

b) Plaintiff did not perform administrative duties.  He did not have the primary duty of performing office or non-manual work directly related to the management or general business operations of the employer. His non-manual work did not require the exercise of managerial discretion and independent judgment on significant matters. He did not have authority to formulate, interpret or implement management policies.  He did not have authority to significantly expend money on behalf of the business or to otherwise financially commitment the business to a significant extent.  He lacked authority to deviate from established policies and procedures without prior approval. He did not plan long- or short-term business objectives.  He did not perform an investigative job function.

c) Plaintiff was neither a "learned" nor "creative" professional. He did not primarily perform work that requires knowledge of an advanced type in a field of science or learning or work that requires invention, imagination, originality or talent in a recognized artistic or creative field.

d) Plaintiff did not work in the field of computer systems analysis, programming or software engineering.

20) Between July 11, 2006 and February 18, 2007, Plaintiff worked as an hourly rate employee in New York City.  His paystubs confirm that he was paid on a biweekly basis, that his regular rate of pay was $9.50 per hour for 80 hours and that his overtime rate of pay was $14.25 per hour for work in excess of 80 hours.

21) Between February 19 and April 1, 2007, Plaintiff worked as an hourly rate employee in Greenwich, Conn.  His paystubs confirm that he was paid on a biweekly basis, that his regular rate of pay was $9.50 per hour for 80-hours and that his overtime rate of pay was $14.25 per hour for work in excess of 80 hours.

22) On April 2, 2007, Defendants Scoop and Mr. Ben-Abraham re-classified Plaintiff as an "exempt" employee, and placed him on salary.  His bosses informed him that he no longer was entitled to receive overtime pay, because he was a security manager. There existed no "clear mutual understanding" between Defendants and Plaintiff that his biweekly salary was intended to include overtime pay.  No portion of Plaintiff's biweekly was ever designated as overtime pay.

23) Plaintiff remained on salary between April 2, 2007 and July 20, 2008.  Between April 2, 2007 and April 27, 2008, Plaintiff received biweekly pay in the gross amount of $1,230.76. For the period April 28, 2008 and July 20, 2008, Plaintiff received biweekly pay in the gross amount of $1,269.23.

24) Each month, between April 2, 2007 and July 20, 2008, Plaintiff worked 48 hours per week in Connecticut, and worked additional overtime hours in NYC.

25) Based on information and belief, Defendants would "transfer" Plaintiff's NYC overtime records to the Connecticut store, so as to avoid New York labor law requirements.  Thus, Defendants concealed the fact that Plaintiff was a NYC employee.

26) Effective July 21, 2008, Defendants re-classified Plaintiff from exempt status to non-exempt status, and commenced to remit overtime pay to him.

27) Between July 21 and August 17, 2008, Defendants designated Plaintiff as an employee of its Greenwich, Conn. Store, despite the fact of his full-time work in New York City.  Between August 18, 2008 and February 19, 2009, Defendants re-designed him as an employee of one of its New York City stores.

28) For the period between July 21, 2008 and February 19, 2009, Plaintiff's biweekly paystubs memorialize that his regular rate of pay was $15.87 per hour for 80 hours and that his overtime rate of pay was $23.8050 per hour for work beyond 80 hours.

29) Plaintiff seeks a declaratory judgment that, at all times relevant to this action, his proper designation was "non-exempt" for purposes of the FLSA.

30) Plaintiff seeks a declaratory judgment that Defendants lack a *bona fide* executive, administrative, professional or computer capacity defense under the FLSA, 29 C.F.R. §541, FLSA §213(a)(1).

**SECOND CAUSE OF ACTION:**
**FAIR LABOR STANDARDS ACT**
**Claim for Minimum, Straight-time and Overtime Wages**

31) Plaintiff herein reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 30.

32) Plaintiff seeks to recover overtime pay of at least one and one-half times the regular rate of pay for work that he performed in excess of forty hours per week, 29 U.S.C. § 206 and 29 U.S.C. § 207(a)(1).

33) Plaintiff hereby alleges that Defendants Scoop and Defendant Ben-Abraham wrongfully failed to remit minimum, straight-time and proper overtime wages to Plaintiff.

   a) Defendants deprived Plaintiff of minimum and overtime compensation of at least one and one-half times his regular wages for any hours worked in excess of forty hours per week, 29 U.S.C. § 206 and 29 U.S.C. § 207(a)(1).

   b) Whenever Plaintiff worked in New York City, Defendants required him to worked eleven plus (11+) hours per workday.

c) Based on information and belief, Defendant Ben-Abraham was aware of, directed and controlled the foregoing acts and omissions.

d) Based on information and belief, Defendant Ben-Abraham had control to dictate the manner and amount of monetary payments to security guards employed by Defendants Scoop.

34) Defendants required Plaintiff to wear uniform, and required him to regularly purchase new uniforms, which expense undercut his pay.

35) Defendants' wage and hour practices are tantamount to a "willful" violation of the FLSA, and warrant an award of liquidated damages, pursuant to the FLSA, 29 U.S.C. §255(a).

36) Defendants are liable to Plaintiff for their knowing and willful failure to pay him at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, pursuant to the FLSA, 29 U.S.C. §201 *et seq*., including, but not limited to, Section 7, 29 U.S.C. §§206, 207(a)(1).

### THIRD CAUSE OF ACTION:
### NEW YORK LABOR LAWS
### Claim for Straight-time and Overtime Wages

37) Plaintiff herein reasserts and incorporates by reference the allegations set forth in paragraphs 1 to 36.

38) At all relevant times, Defendants were "employer[s]" within the meaning of NYLL, §651, and employed Plaintiff, within the meaning of the NYLL.

39) During all times relevant to this action, Plaintiff was a non-exempt employee, who was entitled to overtime compensation for all overtime hours worked.

40) For July 2006 through mid-August 2006, and for the period April 2, 2007 through July 20, 2008, Defendants failed to make, keep, and preserve accurate records of Plaintiff's work

hours, pursuant to the NYLL, §195 and § 650 *et seq*., and supporting regulations, including 12 N.Y.C.R.R.§ 142-2.6.

41) For the period April 2, 2007 through July 20, 2008, Defendants failed to furnish Plaintiff with a written statement with every payment of wages listing all hours worked, as well as rates paid for all said hours worked, correct gross wages, allowances, if any, claimed as part of the minimum wage, deductions and correct net wages, which omissions violated the N.Y.L.L., §195, N.Y.L.L. Article 19 and supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §142-2.7.

42) Plaintiff was denied overtime wages for work performed on behalf of Defendants and Defendants' predecessor(s)-in-interest.

43) Plaintiff seeks one and one-half times the properly calculated, regular rate of pay for hours worked in excess of 40 hours per workweek, N.Y.L.L., § 663(1).

44) Defendant knowingly and willfully engaged in the foregoing acts and omissions, NYLL, § 663.

45) Defendants are jointly and severally liable to Plaintiff for their knowing failure to remit proper wages, pursuant to New York Comp. Code R. & Regs., tit. 12, §142-2.2 and NYLL §§ 650, 663 *et seq.*

46) Defendants pay practices violated the New York Minimum Wage Act, New York Labor Law ("N.Y.L.L.") §650 *et seq*., the New York Wage Payment Act, Labor Law §190 *et seq*. and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

### FOURTH CAUSE OF ACTION:
### NEW YORK LABOR LAWS
### Spread of Hours Compensation

47) Plaintiff herein reasserts and incorporates by reference the allegations set forth in paragraphs 1 to 46.

48) Whenever he worked in New York City, Plaintiff worked shifts whose length exceeded ten hours. He typically worked eleven (11) hours per workday.

49) The NYLL requires employers to pay additional "spread-of-hours" compensation to employees who work shifts of greater than ten hours, pursuant to New York Minimum Wage Act, NYLL, § 652 *et seq*. ("Minimum Wage Act"), and pursuant to New York State Department of Labor Regulations, 12 N.Y.C.C. § 142-2.4.

50) Defendants had a policy and practice of failing and refusing to remit "spread-of-hours" compensation to Plaintiff and similarly situated coworkers for shift work in excess of 10 hours, in violation of the Minimum Wage Act, NYSLL, § 663.

51) Plaintiff seeks to recover "spread-of-hours" compensation, pursuant to NYLL § 663(1*)*.

### FIFTH CAUSE OF ACTION:
### NEW YORK LABOR LAWS
### Claim for Weekly Uniform Supplement

52) Plaintiff herein reasserts and incorporates by reference the allegations that are set forth in paragraphs 1 to 51.

53) At all times relevant to this action, Plaintiff wore uniforms, which Defendants required him to purchase. Defendants required him to clean and to maintain the uniform without reimbursement.

54) Defendants are liable to Plaintiff for payment of a weekly uniform supplement, pursuant to the NYLL, pursuant to N.Y. Comp.Codes R. & Regs. tit. 12, § 142.-2.5(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY, pursuant to Fed. R. Civ. P. Rule 38(b);

AND WHEREFORE, Plaintiff seeks relief against the Defendants as follows:

a)      Relief under the NYLL:

      a.  Minimum, straight-time and overtime wages in an amount determined at trial;

      b.  liquidated damages (25%), NYLL, §§198, 663 in an amount determined at trial;

      c.  spread of hours compensation in an amount determined at trial, NYLL §663(1);

b)      Relief under the FLSA:

      a.  Minimum, straight-time and overtime wages in an amount determined at trial;

      b.  liquidated damages (100%), 29 U.S.C. §216(b), in an amount determined at trial;

      c.  a declaratory judgment that none of the FLSA exemptions, 29 U.S.C. §213, apply;

      d.  a declaratory judgment that Plaintiff's proper designation was "non-exempt";

      e.  a declaratory judgment that Defendants lack a *bona fide* "administrative" capacity

         defense to the instant FLSA claims, 29 C.F.R. §541, FLSA §213(a)(1).

c)      Interest ( prejudgment and post-judgment);

d)      Reasonable attorney fees;

e)      Costs and disbursements; and

f)      Such other and further relief as the court deems just and proper.

DATED:      New York, NY
            October 18, 2010

                                    Chinyere Okoronkwo, Esq. (CO3339)
                                    Attorney for Plaintiff
                                    Law Office
                                    40 East 94th Street
                                    New York, NY 10128
                                    (212)537- 9284; (917)817-6528